# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3631 | **DATE** | 11/15/2002 |
| **CASE TITLE** | Robert Staszak vs. Kimberly-Clark Corp | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We grant Clark's bill of costs except that the total costs for deposition transcript originals and copies is $1,109.25. Also, Clark will only be awarded "photocopy fees" of $600.00 and Clark is not awarded as costs $72.50 for copying cassettes, or any costs for exhibits used in depositions.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | NOV 18 2002 | |
| | Notified counsel by telephone. | | | date docketed | 41 |
| ✓ | Docketing to mail notices. | | | wb docketing deputy initials | |
| | Mail AO 450 form. | | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | date mailed notice | |
| SCT | courtroom deputy's initials | | 02 NOV 15 AM 10:37 | | |
| | | | Date/time received in Central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
**NOV 1 8 2002**

ROBERT STASZAK, )
)
    Plaintiff, )
)
vs. ) 01 C 3631
)
KIMBERLY-CLARK CORPORATION, )
)
    Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter is before the court on an objection brought by Plaintiff Robert Staszak ("Staszak") to Defendant Kimberly-Clark Corporation's ("Clark") bill of costs. For the reasons stated below, we grant Clark's submitted bill of costs as modified.

### BACKGROUND

Staszak filed suit against Clark, claiming that Clark retaliated against him for filing age discrimination and disability discrimination claims. On August 9, 2002, we granted Clark's motion for summary judgement. Staszak has an Illinois Department of Human Rights case pending against Clark based on the alleged discrimination.

### LEGAL STANDARD

A prevailing party should be awarded costs other than attorneys' fees "unless the court directs otherwise." Fed. R. Civ. P. 54(d)(1). The court has broad discretion in

41

determining whether and to what extent to award costs, *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997), but there is a strong presumption that the prevailing party will be awarded cost. *Id.* The district court should in its discretion award costs that are a type recoverable under statutory authority, are "necessary to the litigation," and are for a reasonable amount. *Id.; See also* 28 U.S.C. § 1920.

## DISCUSSION

### I. Deposition Costs

Staszak claims that Clark included deposition costs in its bill of costs for depositions that Clark is going utilize in the pending state case. Thus, according to Staszak, Clark is attempting to shift the cost of the undecided state case into the bill of costs before us. Staszak claims that Clark took depositions of Staszak, Don Scuvotti, and two of Staszak's treaters, but that a large part of the testimony had to do with issues related to the state case. Staszak also claims that Dr. Fetzer's testimony was only relevant to the state case and not to the case before us because his treatment was for the physiological injury done to Staszak before his termination. Staszak also claims that David Rogers and Kathleen Zalabak are witnesses that are "tangentially related" to the case at bar, but are "primary witnesses" in the state case. Clark points out that the witnesses that Staszak complains of were listed in his Rule 26(a)(1)(A) statement

listing persons likely to have knowledge relevant to disputed facts alleged in the complaint. Also, Staszak was responsible for noticing the depositions of David Rogers, Kathleen Zalabak, Don Scuvotti, and two other witnesses. Staszak asks us to at least make sure the cost award reflects the proportion of each deposition that was beneficial to the case before us and not solely of benefit in the state case. We will not dissect each deposition and conduct an intensive analysis of its impact on this case. Such an approach is not in the interest of judicial economy. Thus, we are not convinced that any of the deposition related costs are improper because of their connection to the pending state case.

Staszak also claims that Clark charged too much for deposition transcripts and copies. Under Local Rule 54.1 "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States . . .." The Judicial Conference rates that are currently in effect are $3.00 per page for an original transcript and $.075 per page for the first copy to each party. *See Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 455 (7th Cir. 1998) (summarizing judicial conference rates). For an expedited transcript the rate is $4.00 per page for an original transcript and $0.75 per page for the first copy to each party. *Id.* Clark does not offer any explanation in its reply as to why its transcript costs are higher than these rates would allow. Neither does Clark address in its reply Staszak's

proposed costs under the appropriate transcript rates or Staszak's assertion that all of the exhibits used in the depositions were already in Clark's possession and were mainly Clark documents. We reduce the costs for deposition transcript originals and copies accordingly:

1. David Brown: $19.50 (1 copy at 26 pages x .75)
2. Don Scuvotti, Volume I: $137.25 (1 copy at 183 pages x .75)
3. Don Scuvotti, Volume II: $60.00 (1 copy at 80 pages x .75)
4. Robert Staszak, Volume II: $153.00 (1 original at 51 pages x 3)
5. Robert Staszak Volume III: $171.00 (1 original at 57 pages x 3)
6. David Rogers: $80.25 (1 copy at 96 pages x .75)
7. Rus Taylor: $72.00 (1 copy at 96 pages x .75)
8. Hal Wolken: $138.00 (1 original at 46 pages x 3)
9. Kathleen Zalabak: $38.25 (1 copy at 51 pages x .75)
10. Dr. Barbara Fetzer: $240.00 (1 original at 80 x 3)
Total costs for deposition copies and originals: $1,109.25

Staszak also asks us not to award postage fees for the transcripts, but we think it proper to award Clark the postage fees for the transcripts. Clark also requests that it be given leave to include an additional charge in the bill of costs for Staszak's first deposition. Clark made this request in its reply to the opposition to the bill of costs and has not sought leave to amend the bill of costs in a proper manner. The request is denied.

## II. Photocopying Costs

Staszak claims that Clark should only be awarded $0.10 per page for photo copying charges instead of $0.15 per page. However, courts in this district have held

$0.15 per page to be a reasonable photocopy rate and we agree. *See Tokar v. City of Chicago*, 2001 WL 910385, *2 (N.D. Ill. 2001).

Staszak also claims that the copy records of Clark do not provide enough detail to determine whether they are appropriate. A prevailing party can recover for "copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920. The prevailing party cannot recover expenses for photocopies that it made for its own use. *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1999). Two copies of a document filed with the court or provided to opposing counsel are reasonable, but further copies are not reasonable unless there is a special reason. *Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000) (stating that it is not reasonable to tax as costs multiple copies to be provided to a "platoon" of lawyers at prevailing party's counsel's firm).

Clark has provided a computer generated table showing when each copy was made and by whom it was made under the client ID number for Clark. The table provides no description at all of what was copied or what issue or purpose it pertains to. Clark also provided a breakdown for copies which includes $7.50 for a copy of the E.E.O.C. file, $43.25 for a copy of Staszak's medical records, and $1,296.00 for "photocopy fees." Not all photocopying fees are taxable as costs, but Clark provides no explanation for the majority of its photocopies. Clark has thus not provided

sufficient detail in its bill of costs, and we find that $1,296.00 for copying expenses is excessive considering the length and complexity of this case. Clark will be awarded $600.00 for "photocopy fees."

Staszak also makes a final plea that we deny all costs to Clark because Clark hindered Staszak in his efforts to take Russell Taylor's ("Taylor") deposition by instructing Taylor not to speak to Staszak's counsel. According to Staszak his counsel had to fly to Georgia to take the deposition of Taylor, and Taylor indicated that he would have been happy to testify in Chicago. Staszak makes a similar claim concerning the Scuvotti deposition. Staszak offers no evidence to support his accusations, and he has not taken any formal action to hold Clark accountable for this alleged wrongful conduct. Therefore, we deny Staszak's request to deny all costs on the basis of Clark's alleged misconduct. Staszak also disputes the appropriateness of costs for copying the cassette recordings of interviews with Nicki Maruska-St. Angel and Bill Schuyler. The interviews were conducted before the E.E.O.C. action was commenced, and we agree that the tapes concern events that are not relevant to the case before us.

## CONCLUSION

Based on the foregoing, we grant Clark's bill of costs except that the total costs for deposition transcript originals and copies is $1,109.25. Also, Clark will only be

awarded "photocopy fees" of $600.00 and Clark is not awarded as costs $72.50 for copying cassettes, or any costs for exhibits used in depositions.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: November 15, 2002